UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DINESH R. MEHTA,

*Petitioner,*

v.

No. 02-2457

JOHN ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-640-394)

Submitted: November 19, 2003

Decided: December 17, 2003

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

## COUNSEL

Steven A. Morley, Thomas M. Griffin, MORLEY, SURIN & GRIF-FIN, P.C., Philadelphia, Pennsylvania, for Petitioner. Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Marion E. Guyton, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dinesh R. Mehta, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and for relief under the Convention Against Torture (CAT).

Mehta challenges the IJ's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). We have reviewed the record and the IJ's decision, which was designated by the Board as the final agency determination, and conclude that Mehta fails to show that the evidence compels a contrary result. *See* 8 C.F.R. § 1208.13(b)(1), (2) (2003). Accordingly, we cannot grant the relief that Mehta seeks.

In addition, we uphold the IJ's denial of Mehta's application for withholding of removal. The standard for withholding of removal is more stringent than that for asylum eligibility. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Because Mehta failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal. Likewise, he cannot meet the burden necessary to qualify for relief under CAT. *See* 8 C.F.R. § 1208.16(c)(2) (2003).

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*